UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GEORGE and KARLA SCHIKORE,      No. 12-10331

      Debtor(s).
_____/

SIERRA ELECTRIC COMPANY,

      Plaintiff(s),

  v.            A.P. No. 12-1084

GEORGE and KARLA SCHIKORE,

      Defendant(s).
_____/

Memorandum re Attorneys' Fees
_____

  In its complaint, plaintiff Sierra Electric Company ("SEC") alleged that Chapter 7 debtors and defendants George and Karla Schikore were officers and directors of Schikore Construction, Inc. SEC alleges that it did work for the corporation, that the Schikores, had guaranteed the debt of the corporation and that the Schikores diverted funds that should have been paid to it. The complaint alleged that SEC's claims against the Schikores was nondischargeable pursuant to § 523(a)(2), § 523(a)(4) and § 523(a)(6) of the Bankruptcy Code.

  The court granted the Schikores' motion to dismiss with leave to amend, pointing out to SEC that applicable case law did not support most of its claims. SEC then chose not to amend its complaint, and the case was dismissed. The Schikores have now moved for attorney's fees, arguing

1

that the attorney's fee provision in the guaranty agreement, providing that they would pay SEC's attorneys fees incurred in "enforcing this guaranty," gave the Schikores a reciprocal right to fees.

At one time, no attorneys' fees were awardable in federal dischargability litigation except in consumer cases where § 523(d) of the Code was applicable. However, since the Supreme Court decision in *Travelers Cas. & Sur. Co. v. Pacific Gas & Elec., Co*., 549 U.S. 443, 451-452 (2007), the law has been that fees may be recovered in some circumstances. However, fee-shifting provisions are strictly construed, and not given effect beyond their express wording. *In re Foster,* 435 B.R. 650, 663 (9th Cir. BAP 2010); *In re Chen,* 345 B.R. 197, 201 (N.D.Cal. 2006)[affirming denial of attorneys fees to a successful debtor in a dischargeability action arising out of a construction contract]; *In re Latshaw Drilling, LLC,* 481 B.R. 765, 795 (Bkrtcy.N.D.Okla. 2012) ["fee-shifting provisions in contracts are narrowly construed, and a party is permitted to recover its fees from the other party to the contract only when the language is "unmistakably clear" that the parties intended the provision to apply to the fees at issue."]

In this case, the issue was whether the Schikores had personally committed fraud, breached a trust, or wilfully harmed SEC. While SEC did include irrelevant allegations regarding the guaranty in its complaint, the complaint did not state a claim based on the guaranty. It was therefore not an action to enforce the guaranty, making the attorneys' fee clause irrelevant.

For the foregoing reasons, the motion for attorneys' fees will be denied. Counsel for SEC shall submit an appropriate form of order.

Dated: February 1, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

2